## COVENANTS AVAILABLE UNDER DOCTRINE OF RESPONDENT SUPERIOR.

Common Pleas Court of Cuyahoga County.

GRACE KOUBA v. CITY OF CLEVELAND.*

Decided, January Term, 1920.

*Torts—Covenants not to Sue for Negligence of Contractor for a City— Available to the City as Well as the Contractor.*

In an action for tort, in which it is sought to hold a municipality for the negligence of a contractor under the rule of respondeat superior, a covenant entered into by the plaintiff with the wrongdoer not to sue him is available to the city.

*Englander & Bowden,* for plaintiff.
*James Cassidy,* for defendant.

Motion to arrest evidence from jury.

DUNCAN, J.

The plaintiff brings this action to recover for personal injuries which she claims to have received in alighting from a

*Affirmed by the Court of Appeals.

street car on St. Clair avenue, due to the negligence of the city in the care of the street.

At the time, the street was undergoing the construction of a new pavement by one Burnett, under a contract which he had with the city, and the condition of the street of which she complains was due to his operations under the contract. He had failed to put up red lights, or barriers, at this place, to protect those who might use the street, as he had contracted with the city to do, and this, she claims, was the proximate cause of the accident. His contract also provided that he would protect the city as against any acts or omissions of negligence upon his part in the performance of his work.

There is a statute which imposes the duty upon the city to keep its streets open, in repair, and free from nuisance. If there was any nuisance in this case, it was created by this contractor. That, however, would not relieve the city. The duty is imposed upon the city, as I have said, to keep the streets open, in repair, and free from nuisance, and the city can not contract that duty away, and thereby absolve itself. The principle of *respondeat superior* applies, just the same.

But, Burnett, being the wrongdoer, the plaintiff had the right of election as between him and the city, as to which she would sue. If she sued Burnett, the result of the case would be final, as far as the city is concerned. Burnett could recover no part of any judgment from the city which she might obtain against him. But if she sued the city, and the city gave Burnett notice to come in and defend, as it has here, the city could recover from him the amount of any judgment it would be compelled to pay on account of his negligence. The amount of the judgment in such case, would be conclusive, as against him. Suing the city, therefore, would be reaching Burnett by a circuitous route.

The authorities in this state are to the effect that where a person creates any nuisance for which the city is required to answer, the wrongdoer is primarily liable, and the city secondarily, as it were. But it developes here that the plaintiff has en-

tered into a covenant with Burnett, the wrongdoer, not to sue him, for which he paid her $125.00. If, then, she had sued Burnett, instead of the city, he could successfully defend under this covenant.

The rule is different, where the parties are joint wrong-doers,—joint tort feasors. The right of action is joint, or several. One or both may be sued. And, if either one is required to pay anything, he can not recover any part of it from the other, although the other is just as much to blame or more so than the one who pays. Where, however, the injured person enters into a covenant with one joint tort feasor "not to sue" him, the amount paid for it is a satisfaction of the amount of the claim *pro tanto.*

Now, unless this covenant "not to sue" Burnett is available to the city as a defense in this action, and the city can recover from him, notwithstanding this covenant, then the plaintiff would be able to deprive him of the benefit of the covenant, and to accomplish something indirectly, that she could not do directly, viz., compel him to pay the damages found as the result of a lawsuit, from which this contract was supposed to protect him. This can not be. It works injustice, and is against public policy and good morals.

I therefore hold that the city occupies the position of surety as it were, to Burnett, under the contract and the imposed duty to keep its streets open, in repair, and free from nuisance, and that when sued for his negligence, in that behalf, every defense otherwise available to him is available to the city.

Holding these views, I will arrest the evidence from the jury, and enter a judgment for the city, under the undisputed facts.